**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| SANDRA D. KENNEDY | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-11-3738 |
| | : | |
| | : | |
| FRESENIUS MEDICAL CARE | : | |
| NORTH AMERICA | : | |
| | : | |
| | : | |

## MEMORANDUM

Now pending is plaintiff Sandra Kennedy's motion for a preliminary injunction. (ECF No. 1.)  Ms. Kennedy has worked as a nurse for defendant Fresenius Medical Care ("FMC") since October 2000.  In July 2008, in the course of her work, Ms. Kennedy suffered a back injury which the Maryland Workers' Compensation Commission determined to be causally related to her subsequent and ongoing partial disability.  Ms. Kennedy alleges that representatives of FMC have discriminated against her due to her disability and because she filed a workers' compensation claim.  Specifically, she contends that FMC representatives took unwarranted disciplinary actions against her and terminated her health benefits because of her disability.  In 2011, Ms. Kennedy filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Human Relations ("MCHR") alleging employment discrimination.  It is unclear whether the EEOC has issued a right-to-sue letter.

Ms. Kennedy also alleges FMC has hindered her efforts to pursue EEOC and MCHR investigations into her charges of discrimination.  Noting that FMC terminated her coverage under the Family Medical Leave Act ("FMLA") approximately three weeks after she notified

1

them of her EEOC and MCHR claims, Ms. Kennedy contends that FMC has retaliated against her for attempting to vindicate her rights under the Americans with Disabilities Act ("ADA"). Ms. Kennedy petitions the court for an injunction barring FMC from terminating her employment based on her disability and enjoining FMC from impeding the pending EEOC and MCHR investigations.  She also requests that the court reinstate her FMLA coverage and health benefits.  The matter has been fully briefed, and no oral argument is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, the motion for preliminary injunction will be denied without prejudice and Ms. Kennedy will be granted leave to file a complaint in the proper form.

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court."  In this case, Ms. Kennedy has filed a motion for preliminary injunctive relief, but has not filed a complaint to support that motion. Although Ms. Kennedy's motion for a preliminary injunction has been construed as a complaint for the purposes of commencing this action, the case cannot proceed any further without a proper complaint. The court will therefore grant Ms. Kennedy leave to file a complaint that conforms to federal law.[1]

Insofar as Ms. Kennedy seeks to file a complaint and pursue this case in federal court, the court notes that under Title VII, "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim."  *Davis v. N. Carolina Dept. of Correction*, 48 F.3d 134, 137-38 (4th Cir. 1995).  The ADA incorporates this requirement. *See* 42 U.S.C. § 12117(a). Thus, an action under the ADA typically may not proceed until the EEOC issues a right-to-sue letter.  *See Davis v. Virginia Commonwealth University*, 180 F.3d 626, 628 n.3 (4th Cir. 1999).

---

[1] Federal Rule of Civil Procedure 8(a) provides that a pleading should contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Ms. Kennedy filed charges with the EEOC in September 2011 and is likely entitled to a right-to-sue letter, if she has not yet received one, because more than 180 days have passed. 42 U.S.C. § 2000e-5(f)(1).

Courts are divided as to whether they possess the authority to impose injunctive relief before the EEOC issues an initial right-to-sue letter.  Some courts have held that in limited circumstances, district courts may grant preliminary injunctions to plaintiffs who have filed EEOC charges but not yet received right-to-sue letters.  In all cases, plaintiffs petitioning the federal court for injunctive relief before the administrative process has completed must meet a heavy burden.  Under *Winter v. Natural Resources Defense Counsel, Inc.*, a "plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." 555 U.S. 7, 20 (2008); *see also WV Ass'n of Club Owners & Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009).  Moreover, "the party seeking the preliminary injunction must demonstrate by a *clear showing* that, among other things, it is likely to succeed on the merits at trial."  *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009) (internal quotations omitted) (emphasis added), *cert. granted, vacated on other grounds,* 130 S. Ct. 2371 (2010) and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.,* 607 F.3d 355 (4th Cir. 2010).

In this case, making a "clear showing" of likelihood of success on the merits would require Ms. Kennedy to provide substantially more factual information than is currently in the record. "A document filed *pro se* is to be liberally construed,  . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)  (internal quotation marks and citations

omitted).  Even construing Ms. Kennedy's claim liberally in light of her *pro se* status, however

the factual allegations in the record would be inadequate to meet the stringent standard for

injunctive relief. For example, Ms. Kennedy's motion for preliminary injunction fails to set forth

a specific timeline of allegedly discriminatory events.  Even to make an initial, prima facie case

of discrimination under the ADA, a plaintiff must demonstrate: (1) she was disabled within the

ADA's definition; (2) she was terminated or otherwise suffered an adverse employment action;

(3) she was performing her job at the level of her employer's legitimate expectations; and (4) the

adverse action occurred in circumstances that raise a reasonable inference of unlawful

discrimination.  *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).  In order

to make a prima facie claim of retaliation, a plaintiff must demonstrate the following elements:

(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link

between the protected activity and the employment action.  *See Mackey v. Shalala,* 360 F.3d 463,

469 (4th Cir. 2004).[2]  At present, the only specific factual allegations related to discrimination

and retaliation in the record are contained in FMC's opposition to Ms. Kennedy's motion and a

copy of Ms. Kennedy's charges to the MCHR, which the defendant submitted to this court.

(ECF No. 8, Ex. 25.)  This proffered evidence is inadequate for the court to find that Ms.

Kennedy has a clear likelihood of success on the merits of her claim.

---

[2] In order to ultimately prevail, a plaintiff also must overcome any arguments by the defendant that there
was a "legitimate, nondiscriminatory reason for the adverse employment action" in question.  *Hill v.
Lockheed Martin Logistics Mgt, Inc.*, 487 F.3d 208, 285 (4th Cir. 2004).  In this case, for example, FMC
claims it terminated Ms. Kennedy's FMLA coverage because she did not meet the eligibility requirements
set forth in the FMLA statute.  Likewise, FMC disputes that the termination of her health benefits is
evidence of discrimination.  FMC argues, instead, that Ms. Kennedy was disqualified from receiving
health benefits solely because of part-time status and notes that she was offered the opportunity to
increase her hours and thereby to restore her health benefits.

The present record also would be inadequate for the court to address Ms. Kennedy's contention that FMC has violated its agreement before the Maryland Workers' Compensation Commission.  Ms. Kennedy claims FMC agreed at a hearing on June 21, 2010 to retain her in the position and pay rate she occupied at the time of her injury, with all the same benefits.  Ms. Kennedy may be able to revisit this matter before the Commission, pursuant to Md. Code Ann., Lab. & Empl. § 9-736, but she has provided this court with no basis to grant relief.

Finally, the court notes that Ms. Kennedy cannot prevail on her argument that FMC has committed obstruction of justice, witness tampering, and witness retaliation under the U.S. Criminal Code.  18 U.S.C. §§ 1505, 1512, 1513; (*see* Petitioner's Surreply Memorandum, ECF No. 10, p. 4-5.)  The statutes Ms. Kennedy has cited are criminal, not civil, and therefore confer no private cause of action on individual litigants.  *See, e.g., Peavey v. Holder*, 657 F. Supp. 2d 180, 190-91 (D.D.C. 2009*) aff'd,* 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (no private cause of action under 18 U.S.C. §§ 1505, 1512); *Feldman v. Law Enforcement Associates Corp.,* 779 F. Supp. 2d 472, 498 (E.D.N.C. 2011) (no private cause of action under 18 U.S.C. §§ 1512, 1513).  Individual litigants, like Ms. Kennedy, cannot initiate federal criminal prosecution based on their allegations of unlawful conduct.

For the above reasons, the motion for preliminary injunction will be denied without prejudice and Ms. Kennedy will be granted 30 days leave to file a complaint in the proper form. The complaint should address whether or not the EEOC has issued a right to sue letter on these claims. The court also will grant Ms. Kennedy's motion to proceed *in forma pauperis*, ECF No. 2, FMC's motion to seal Exhibits 8 and 15 of its opposition to Ms. Kennedy's motion for preliminary injunction, ECF No. 6, and Ms. Kennedy's motion for leave to File a surreply, ECF No. 10. The Clerk's office will be asked to provide Ms. Kennedy a form for filing a complaint.

A separate order follows.


_____9/24/12_____                    _____/s/_____
Date                                       Catherine C. Blake
                                           United States District Judge